<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALZARC, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>LETISHE LAMBERT,<br><br>             Defendant. | Civil Action No. 23-00610 (GC) (JBD)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon review of *pro se* Defendant Letishe Lambert's Notice of Removal (ECF No. 1) of this case, originally filed in the Superior Court of New Jersey, Ocean County, Law Division, Special Civil Part, to the United States District Court for the District of New Jersey under 28 U.S.C. § 1441, and Defendant's application to proceed *in forma pauperis* ("IFP") (ECF No. 6). For the reasons set forth below, and other good cause shown, Defendant's IFP Application will be **GRANTED**; however, this case is **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c).

**I.**     <u>**BACKGROUND**</u>

      This case arises out of a New Jersey Superior Court tenancy proceeding. *Malzarc v. Lambert*, OCN-LT-003612-22 (N.J. Super. Ct. Law Div. 2023). On December 16, 2022, counsel for Plaintiff mailed Defendant notice to vacate the property at 317 Sawmill Road in Brick, New Jersey. (ECF No. 1-6 at 7.[1]) Plaintiff is the owner of said property and Defendant had resided there as a tenant since March 2018. (*Id.* at 26.) On December 17, 2022, Defendant was sent a complaint and court summons to appear for tenancy proceedings in Ocean County. (*Id.* at 1-6.) The complaint alleged that Defendant owed

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

1

Plaintiff $14,142.00 in unpaid rent. (*Id.* at 4.) A trial date was set for January 23, 2023. (*Id.* at 1.) On February 3, 2023, Defendant filed a Notice of Removal in this Court. (ECF No. 1.)

## II.   LEGAL STANDARD

To avoid paying the filing fee for a civil case, a litigant may submit an application to proceed *in forma pauperis*. 28 U.S.C. § 1915. Such an application must "state the facts concerning [the applicant's] poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)). When considering an IFP application, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Id.*

Under § 1915(e), the court shall *sua sponte* dismiss a case if it is determined that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [("Rule")] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Defendant's IFP application in this case has been completed with a sufficient degree of particularity, definiteness, and certainty. Defendant has indicated that she has no sources of income and is indigent. (*See* ECF No. 6.) For these reasons, Defendant's IFP application will be granted. Having granted Defendant IFP status, the Court now screens the Notice of Removal to determine whether dismissal or remand[2] is warranted pursuant to 28 U.S.C. § 1915(e).

### A. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

This Court does not have jurisdiction over this case because Plaintiff's Complaint does not present a federal question.[3] "Generally, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending.'" *Bank of New York Mellon Corp. v. Fischer*, Civ. No. 15-01465, 2015 WL 4569077, at *1 (D.N.J. July 28, 2015) (quoting 28 U.S.C. § 1441(a)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). "With limited exceptions, 'a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for [federal] jurisdiction.'" *Pennymac Holdings, LLC v. Soriano*, Civ. No. 15-841, 2015 WL 5610983, at *1 (D.N.J. Sept. 23, 2015) (quoting *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)); *see also Mellon*, 2015 WL 4569077, at

---

[2]   The Court may remand removed cases filed in conjunction with an IFP application. *See Asbury Park Mun. Ct. v. Walker*, Civ. No. 09-1260, 2009 WL 799947, at *1 (D.N.J. Mar. 25, 2009) (noting the district court's authority to remand a case for lack of subject matter jurisdiction even when the case is filed with an IFP application).

[3]   The Court also lacks diversity jurisdiction under 28 U.S.C. § 1332 as the parties do not maintain diverse citizenship. (*See generally* ECF No. 1.)

*2 ("The Supreme Court has made clear that for purposes of removal, federal question jurisdiction is determined only by reference to the plaintiff's complaint, without any reference to a defendant's counterclaims." (citing *Holmes*, 535 U.S. at 831 (2002))); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating that federal jurisdiction cannot rest upon an actual or anticipated counterclaim).

Here, the underlying issue is a state tenancy proceeding which involves no federal question. While the Notice is difficult to interpret, Defendant appears to be asserting counterclaims involving alleged violations of several federal laws, including 18 U.S.C. § 242, 15 U.S.C. § 1692(e), 42 U.S.C. § 1983, and Articles IV, V, and VI of the United States Constitution. (ECF No. 1 at 1.) Defendant seemingly alleges that the eviction proceedings before the Superior Court of New Jersey, Ocean County, violated her rights under federal law, which grants this Court jurisdiction under 28 U.S.C. § 1331 and entitles her to remove the case to this Court pursuant to 28 U.S.C. § 1441. (*See id.*) However, because these federal laws, and thus any federal question, are cited only in Defendant's counterclaims, and not in the original Complaint, this Court does not have jurisdiction to hear this case, and removal is improper. *Vaden*, 556 U.S. at 60; *AHS Hosp. Corp. v. Ippolito*, Civ. No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019) (Vazquez, J.) ("The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction."). Therefore, this Court must remand the case to state court. *See A.F. v. Dep't of Corr.*, Civ. No. 21-14591, 2021 WL 3604784, at *1 (D.N.J. Aug. 13, 2021) (granting IFP application but remanding the case to state court for lack of subject-matter jurisdiction).

IV.   **CONCLUSION**

For the reasons set forth above, Defendant's application to proceed *in forma pauperis* is **GRANTED**; however, because the Court lacks subject matter jurisdiction, this case must be **REMANDED** to state court pursuant to 28 U.S.C. § 1447(c).[4]

---

[4]   Because this case was originally filed in state court, "[r]ather than dismiss th[e] case outright, . . . the Court has discretion to remand this matter and the remaining state law claims back to the state court

V.      **ORDER**

For the reasons stated above, and other good cause shown,

**IT IS**, on this 31st day of October, 2023,

**ORDERED** that Defendant's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**; and it is further

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey, Ocean County, Law Division, Special Civil Part; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to mail a certified copy of this Memorandum Order to the clerk of the State Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Defendant by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall **CLOSE** this case.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

for further adjudication." *Monk v. New Jersey*, Civ. No. 14-1399, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (citation omitted).